RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/12/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HENRY KIMBALL,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV11-CV-00138 |
| VERSUS | |
| WARDEN GREMILLION, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Henry Kimball ("Kimball") on January 21, 2011 and amended on May 18, 2011 (Doc. 11). The named defendants are Warden Gremillion (Warden of the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana), Tammy Lacombe (head nurse employed at ACC), Jean Davis (a nurse employed at ACC), and Dr. Vajnar (previous physician employed at ACC) and Dr. McVea (current physician employed at ACC). Kimball alleges that, while he was incarcerated in the ACC in October 2009 through the present, he was denied medical care for Hepatitis B. For relief, Kimball asks for monetary damages, medical care, and a transfer to another prison. Kimball is presently incarcerated in the ACC.

Defendants did not answer the complaint, but instead filed a motion for summary judgment (Doc. 19), to which Kimball has not

responded. Defendants' motion is now before the court for disposition.

## Law and Analysis

### Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving

2

party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

Denial of Medical Care

Kimball contends he has Hepatitis B and that defendants have denied him medical care for his disease. Defendants contend Kimball does not have Hepatitis B.

Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to

serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976). The Supreme Court defined "deliberate indifference" as "subjective recklessness," or, in other words, a conscious disregard of a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1980 (1994). Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). A prison official is deliberately indifferent to serious medical needs of prisoners if he intentionally denies or delays access to medical care. Walker v. Butler, 967 F.2d 176, 178 (5th Cir. 1992); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

In support of their unopposed motion for summary judgment, defendants attached Kimball's relevant medical records (Doc. 19, pp. 88-91) and an affidavit by Dr. David Holcombe, the regional administrator and medical director of the Louisiana Office of Public Health in Region VI, who states that Kimball's liver function test and Hepatitis B profile show Kimball has been exposed to Hepatitis B in the past and has generated antibodies to that virus, but is not currently positive for Hep Be Ag, so he is not currently infected with Hepatitis B and does not have active hepatitis (Doc. 19, pp. 92-94). Dr. Holcombe further states that Kimball's lack of infection and lack of active hepatitis was confirmed by the HBV Real-Time PCR, which is less than 20 IU/ml

4

(Doc. 19, pp. 92-94). Kimball's liver function tests were also normal (Doc. 19, pp. 92-94). Dr. Holcombe concludes that Kimball had been exposed to Hepatitis B in the past, so he developed antibodies, but is not currently infected and does not require treatment (Doc. 19, pp. 92-94).

Since defendants' unopposed submissions show that Kimball does not have Hepatitis B, Kimball has not been denied medical care; no medical care is required for a disease Kimball does not have. Moreover, defendants have obviously taken the necessary steps to ensure Kimball does not require treatment and have not been deliberately indifferent to Kimball's serious medical needs.

Since there are no genuine issues of material fact as to whether Kimball was denied medical care for Hepatitis B, defendants' unopposed motion for summary judgment should be granted and Kimball's action should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. 19) be GRANTED and that Kimball's action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served

with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of March 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE